## AFFIDAVIT OF KEVIN A. CONNOLLY IN SUPPORT OF
## AN APPLICATION FOR A CRIMINAL COMPLAINT

I, Kevin A. Connolly, being duly sworn, depose and state as follows:

1. I am a Police Officer with the Barnstable Police Department and have been so employed since July 1998. I received my Bachelor's in Criminal Justice from Westfield State College in 1997. In 2007, I was assigned to the Detective Division of the Barnstable Police Department. In my current assignment as a Barnstable Detective, I am a member of the Internet Crimes Against Children (ICAC) Task Force and investigate crimes involving the sexual exploitation of children on the internet.  Over the past ten years, I have initiated and been involved with numerous investigations involving the internet, digital evidence and the sexual exploitation of children. In March 2019, I was assigned to the New England Electronic Crimes Task Force ("ECTF") as a Task Force Officer with the United States Secret Service. The ECTF investigates computer crimes, including, as relevant here, investigation of Internet-related child pornography and exploitation. I have advanced training in the area of digital evidence preservation, collection and forensic examination. I have advanced training in child exploitation investigations, to include detecting and identifying individuals that download and share child pornography using the internet and peer2peer file sharing programs.  I am federally certified as a Digital Evidence Acquisition Specialist, a Seized Computer Evidence Recovery Specialist, and as a Mobile Device Investigator by the Department of Homeland Security.  I have worked with numerous local, state, and federal agencies as a specially trained investigator to assist those agencies with their investigations.  In my current position, I am routinely called upon to assist in detecting, collecting, deciphering, and clarifying different forms of digital evidence in a variety of investigations. I have testified at various stages of criminal cases in

Barnstable District, Superior, and Juvenile Courts and Boston Federal Court on matters including digital evidence and child exploitation investigations.

2. I have conducted numerous investigations relating to the possession, receipt, distribution, and production of child pornography and obscene visual representations of the sexual abuse of children over the internet. I have received training in investigations relating to the sexual exploitation and physical sexual abuse of minors. I have reviewed thousands of images and videos of actual and suspected child pornography, child erotica, and obscene visual representations of sexual abuse of children.

3. I submit this affidavit in support of a criminal complaint charging Kerry Adams ("ADAMS"), YOB 1960, of Provincetown, Massachusetts, with one count of receipt of child pornography, in violation of 18 U.S.C. § 2252A(a)(2)(A) and one count of possession of child pornography, in violation of 18 U.S.C § 2252A(a)(5)(B).

4. The facts in this affidavit come from my personal observations and review of records, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended to show merely that there is probable cause to secure a criminal complaint and does not set forth all of my knowledge about this matter. Where statements of others are set forth in this affidavit, they are set forth in substance and in part.

## STATEMENT OF PROBABLE CAUSE

5. On October 17, 2019, at approximately 8:30AM, federal agents executed a search warrant at Kerry ADAMS's residence, located at 168A Commercial Street, Provincetown, Massachusetts for evidence, fruits, and instrumentalities of violations of 18 U.S.C. § 2252A. ADAMS, the sole resident of the home, was walking out of the house and headed to his car parked behind the house.

6. During the course of the execution of the search warrant, ADAMS agreed to speak with investigators after being advised of and executing a written waiver of his *Miranda* rights. The conversation was recorded; the statements below are summary in nature unless specifically indicated otherwise.

7. During the course of the interview, ADAMS indicated that he was aware of what peer-to-peer file sharing was. He indicated that the laptop, that was subject to an on-scene forensic preview as agents were talking with him, is his computer, no one else has access to it and he provided agents with the password to it. He indicated that his WiFi is password protected and verified his billing address with Comcast, his Internet provider. On multiple occasions, he was asked if his laptop has any peer-to-peer file sharing software and he denied it. When asked what he uses his laptop for, he stated "email and looking at porn." ADAMS indicated that he uses eMule, which agents know to be a peer-to-peer file sharing program, to save files. He eventually admitted that he downloaded eMule approximately two to three years ago onto his primary laptop computer and did so primarily to just get music for himself and that it evolved into pornography. He initially denied having and downloading child pornography onto this laptop, but eventually, when he learned that the forensic review of electronics will result in agents obtaining a list of search terms, he indicated that they may encounter a search term of "teen boy" which is a search term he has used in the past. He also indicated that he used e-Mule to download pornography. He initially denied that there would be pornography of 10-14 year old boys on his computer, but later on, admitted that 13-15 year old boys were once of sexual interest to him but are not anymore.

8. In the course of the execution of the warrant, agents located and seized several devices, including among other things, two laptop computers, a cell phone, over a dozen thumb drives,

and 4 SD cards. One laptop computer and one thumb drive were the subject of an on-scene forensic preview. All devices were transported to the United States Secret Service forensic lab in Boston for a more thorough forensic analysis.

9. During the forensic preview of the one thumb drive examined on scene, agents observed at least two files that they believed to contain child pornography. Agents informed ADAMS that one file found on the thumb drive was called: "two 15 year old boys go all night long." When confronted about this file that was downloaded and saved onto a thumb drive that was found inside his home, ADAMS indicated "I don't know how to explain this any other way, but that's not my interest."

10. During the forensic preview of the one laptop examined on scene, which ADAMS indicated was his and to which he had the exclusive access, agents observed the eMule peer-to-peer file sharing software. The eMule software has a folder in it called "incoming" which is considered the shared file folder for incoming and outgoing files. Contained within that folder on the device were approximately 380 files. Agents viewed approximately twelve of these files and found them to be child pornography.

11. Examples of files that agents observed on the laptop computer in the "incoming" folder for eMule downloads include:

    a. "PJK 22 Bil and Ted.mpg" is a video approximately 20 minutes and 17 seconds long. This video shows two male children approximately 11-14 years old. The video starts by showing them watching television and doing homework. Three minutes into the video, one male child is seen masturbating his exposed penis while lying on a bed. Four minutes into the video, the second male child joins him in the bed. During the course of the next sixteen minutes, the two male children remove all their clothes and expose

their penises and masturbate each other. The two male children place each other's penises in their mouths and perform oral sex on each other. Fourteen minutes into the video, one male child is shown having anal sex with the other male child. The video concludes by showing one of the male children masturbating himself to ejaculation.[1] My law enforcement investigative computer was able to download this specific file on June 6, 2019 from ADAMS's IP address using the eMule network.

b. "2 Pjk-Pthc-Kdv-Rbv-Pedo---01---Sk---Starskysh---Boys-13Yo-14Yo-Piscina-15m04S Yamad Boy Rf#2 Russian Flowers 2A.mpg" is a video approximately 15 minutes and 5 seconds long containing 6 male children undressing in a dining room, all appearing to be 12-14 years old. The male children undress until they are completely nude. At approximately 1 minute and 30 seconds, the video focuses on two of the male children, who are completely nude with their buttocks and penises exposed. For the remaining 14 minutes of the video, these two male children are recorded masturbating themselves, masturbating each other and performing oral sex on one another while standing and sitting on a bench.[2] My law enforcement investigative computer was able to download this specific file on June 12, 2019 from ADAMS's IP address using the eMule network.

c. "Omegle - Another 2 Boys Naked Jerking.avi" is a video that is approximately 8 minutes and 48 seconds long. It depicts two male children approximately 10-12 years

---

[1] A still image from this video is available for the Court's review.

[2] A still image from this video is available for the Court's review. The abbreviations in the video file name of "PTHC" and "PEDO" stand for "PreTeen HardCore" and "Pedophilia," respectively.

old who are sitting on a bed in front of a webcam. At one minute, both boys remove their shirts and pants and are in their underwear. At 2 minutes and 40 seconds, one of the boys pulls his erect penis out of his underwear and begins to masturbate in front of the webcam until about 5 minutes and 20 seconds into the video. At this point, the second boy reappears on the screen and has removed his underwear and is masturbating his erect penis. At 6 minutes and 55 seconds, one of the boys begins to masturbate the other boy. Both boys continue to masturbate for the remainder of the video. [3] My law enforcement investigative computer was able to download this specific file on August 1, 2019 from ADAMS's IP address using the eMule network.

    d. "Omegle July 2014 13Yo Boy From Va.mpg" is a short video of a male child approximately 13 years old, wearing a backwards baseball hat, at the beginning of the video, he is wearing a shirt with an erect penis is exposed and standing near a chair. He is later seen in the video masturbating his erect penis. [4] This file was last modified on May 30, 2019.

12. Files referenced in paragraph 11(a), 11(b), and 11(c) found within the file sharing "incoming" folder were modified on the dates of May 23, 2019, May 24, 2019 and June 20, 2019, respectively.

## CONCLUSION

13. Based on all of the foregoing information, I submit that there is probable cause to believe that:

---

[3] A still image from this video is available for the Court's review.

[4] A still image from this video is available for the Court's review.

a. on or about May 23, 2019 through the present, ADAMS knowingly received any child pornography that had been mailed, and using any means and facility of interstate and foreign commerce shipped and transported in and affecting interstate and foreign commerce by any means, including by computer, in violation of 18 U.S.C. § 2252A(a)(2)(A); and

b. on or about October 17, 2019, ADAMS knowingly possessed any material that contained an image of child pornography that had been mailed, and shipped and transported using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce by any means, including by computer, and that was produced using materials that had been mailed, and shipped and transported in and affecting interstate and foreign commerce by any means, including by computer, in violation of 18 U.S.C. § 2252A(a)(5)(B).

Sworn to under the pains and penalties of perjury,

_____
Task Force Officer Kevin A. Connolly
United States Secret Service

Subscribed and sworn to before me this 17th day of October, 2019.

_____
Hon. M. Page Kelley
United States Magistrate Judge



I have reviewed still images from the videos referenced in Paragraph 11 above and I find probable cause to believe that they depict minors engaged in sexually explicit conduct. The affiant shall preserve the images provided to the Court for the duration of the pendency of this matter, including any relevant appeal process.

_____
Hon. M. Page Kelley
United States Magistrate Judge